THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN REGAN, Appellant.

Reargued December 7, 1943; decided January 20, 1944.

*Henry A. Lowenberg* for appellant. The judgment of conviction should have been set aside and a new trial ordered in view of the newly discovered evidence.

*Frank S. Hogan, District Attorney* (*Bernard L. Alderman* and *Stanley H. Fuld* of counsel), for respondent. The allegedly newly discovered evidence — being merely cumulative impeaching testimony — could not have affected the verdict. (*People* v. *Antonio*, 265 N. Y. 246; *People* v. *Patrick*, 183 N. Y. 52; *Mount* v. *Mitchell*, 32 N. Y. 702; *People* v. *Jugigo*, 128 N. Y. 589; *Matter of Buchanan*, 146 N. Y. 264; *People* v. *Shilitano*, 218 N. Y. 161; *People* v. *Arata*, 255 N. Y. 374; *People* v. *Laudiero*, 192 N. Y. 304; *People* v. *Priori*, 164 N. Y. 459; *Greenfield* v. *People*, 85 N. Y. 75; *People* v. *Becker*, 215 N. Y. 126; *People* v. *Eng Hing*, 212 N. Y. 373; *People* v. *Shea*, 16 Misc. 111.)

*Per Curiam.* In *People* v. *Antonio* (265 N. Y. 246), we held that " new matter cannot be considered on a motion for reargument " made after affirmance of a judgment of conviction of murder in the first degree. If reargument in such case is granted on some other ground, our practice has been to consider new matter brought out thereafter and before the rehearing of the appeal. (See *People* v. *Peller*, 291 N. Y. 438.) In the present case we granted a motion for reargument made solely on the ground of evidence alleged to have been discovered after we had affirmed the judgment of conviction (291 N. Y. 702). All the judges of the court agree that the *Antonio* case (*supra*) was thereby overruled.

The newly discovered evidence has been considered. The court, by a majority vote, has concluded that the motion for a new trial upon such evidence has been properly denied, and that the judgment of conviction should be affirmed.

The dissenting Judges believe that the case is too close to permit of the view that the new matter could not change the result and accordingly vote for a new trial.

The Chief Judge and Judge RIPPEY also find further support in the new matter for their opinion that this judgment is against the weight of the evidence.

All concur in above *Per Curiam* opinion.

The judgment of conviction should be affirmed.

LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; LEHMAN, Ch. J., LOUGHRAN and RIPPEY, JJ., dissent and vote for a new trial.

Judgment of conviction affirmed.